| Case Number | Status | Judge |
|---|---|---|
| 2016 CA 002657 V | Closed | RANKIN, MICHAEL |

| In The Matter Of | Action |
|---|---|
| GLENNIE, TINA NICHOLE  Vs. WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | Complaint for Personal Tort (Vehicle) |

| Party | | Attorneys |
|---|---|---|
| GLENNIE, TINA NICHOLE | PLNTF | LIGHTFOOT, Mr WILLIAM P |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | DFNDT | CAREY, Ms KATHLEEN A |

| Opened | Disposed | Case Type |
|---|---|---|
| 04/11/2016 | Removal-Notice of Removal To USDC | Vehicle - Automobile |

Comments:

| No. | Date of Journal | Pleadings Filed, Orders and Decrees<br>Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 05/18/16 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Removal<br>Sent on:  05/18/2016  15:11:52.11 | 0.00 | 0.00 |
| 2 | 05/16/16 | Notice of Removal to USDC for the District of Columbia. 16cv918 | 0.00 | 0.00 |
| 3 | 05/16/16 | Event Resulted:<br>The following event: Initial Scheduling Conference-60 scheduled for 07/15/2016 at 10:30 am has been resulted as follows:<br><br>Result: Event Not Held Case Dismissed<br>Judge: RANKIN, MICHAEL L    Location:<br>Courtroom 517 | 0.00 | 0.00 |
| 4 | 05/16/16 | Additional eFiling Document to Notice of Removal to Federal Court Filed. Submitted 05/16/2016 15:49. ajm<br>Attorney: CAREY, Ms KATHLEEN A (357990) | 0.00 | 0.00 |
| 5 | 05/16/16 | Notice of Removal to Federal Court Filed. Submitted 05/16/2016 15:49. ajm<br>Attorney: CAREY, Ms KATHLEEN A (357990)<br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (Defendant); | 0.00 | 0.00 |
| 6 | 05/03/16 | Answer to Complain. Filed. Submitted.<br>05/03/2016 19:16. ncv.<br>Attorney: CAREY, Ms KATHLEEN A (357990)<br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (Defendant); | 0.00 | 0.00 |

2016 CA 002657 V   GLENNIE, TINA NICHOLE  Vs. WASHINGTON METROPOLITAN AREA TRANSIT

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 7 | 04/19/16 | Proof of Service<br>Method      : Service Issued<br>Issued      : 04/12/2016<br>Service     : Summons Issued<br>Served      : 04/13/2016<br>Return      : 04/19/2016<br>On          : WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>Signed By : Susan Serrian<br><br>Reason      : Proof of Service<br>Comment     :<br><br>Tracking #: 5000172740 | 0.00 | 0.00 |
| 8 | 04/19/16 | Affidavit of Service of Summons &<br>Complaint on<br>WASHINGTON METROPOLITAN AREA TRANSIT<br>AUTHORITY (Defendant); | 0.00 | 0.00 |
| 9 | 04/12/16 | Complaint Package eServed | 0.00 | 0.00 |
| 10 | 04/12/16 | Issue Date:  04/12/2016<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $<br><br>    WASHINGTON METROPOLITAN AREA TRANSIT<br>AUTHORITY<br>    600 5th Street, NW<br>    WASHINGTON, DC   20001<br>    Tracking No: 5000172740 | 0.00 | 0.00 |
| 11 | 04/12/16 | Initial Order and Addendum Issued (60 Days)<br><br>Initial Order-60 Days<br>Sent on:  04/12/2016  09:30:57.64 | 0.00 | 0.00 |
| 12 | 04/12/16 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 07/15/2016    Time: 10:30 am<br>Judge: RANKIN, MICHAEL L    Location:<br>Courtroom 517 | 0.00 | 0.00 |
| 13 | 04/11/16 | eComplaint Filed. submitted 04/11/2016<br>08:45. ksc<br>Attorney: LIGHTFOOT, Mr WILLIAM P (313593)<br>TINA NICHOLE GLENNIE (Plaintiff); | 0.00 | 0.00 |

2016 CA 002657 V    GLENNIE, TINA NICHOLE  Vs. WASHINGTON METROPOLITAN AREA TRANSIT

| 14 | 04/11/16 Complaint for Personal Tort (Vehicle) | 120.00 | |
| | Filed  Receipt: 336053  Date: 04/12/2016 | | 0.00 |

| Totals By: Cost | | 120.00 | 0.00 |
| Information | | 0.00 | 0.00 |

*** End of Report ***

**Filed**
**D.C. Superior Court**
**05/16/2016 15:49PM**
**Clerk of the Court**

**District of Columbia Superior Court**
**Civil Division**

| | |
|---|---|
| **TINA NICHOLE GLENNIE** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **Civil Action No. 2016 CA 002657 V** |
| | : **Cal. 2 - Judge MICHAEL RANKIN** |
| **WASHINGTON METROPOLITAN** | : **Next Event: ISC 7/15/16 at 9:30** |
| **AREA TRANSIT AUTHORITY** | : |
| | : |
| **Defendant.** | : |
| | : |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO THE CLERK:  Please note that this matter has been removed to the United States

District Court for the District of Columbia.  Please see the attached Notice of Removal, filed with

the District Court.

Respectfully Submitted,

_/s/_____

Kathleen A. Carey # 357990
Chief Counsel-Torts
WMATA
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1496
Kcarey@wmata.com
Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice was efiled this 16th day of May 2016,
to:

William P. Lightfoot
Koonz, McKenney, Johnson, DePaolis & Lightfoot
20001 Pennsylvania Avenue NW
Washington, DC   20006

/s/
Kathleen A. Carey

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TINA NICHOLE GLENNIE** | : |
| **1330 South Fair Street** | : |
| **Apartment 1717** | : |
| **Arlington, Virginia** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : **Civil Action No.:**_____ |
| | : |
| **WASHINGTON METROPOLITAN** | : |
| **AREA TRANSIT AUTHORITY** | : |
| **600 5th Street, N.W.** | : |
| **Washington, D.C. 20001** | : |
| | : |
| **Defendant.** | : |
| | : |

## NOTICE OF REMOVAL BY DEFENDANT
## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY ("WMATA")

To the Judges of the United States District Court for the District of Columbia:

1. On or about April 12, 2016, Plaintiff filed this action against WMATA, in the

Superior Court of the District of Columbia, in the case titled Tina Nichole Glennie v. WMATA,

No. Civil Action Number 2016-CA-002657 V.

2. Defendant WMATA was formally served in this action on April 13, 2016.

3. The Summons and Complaint, Jury Demand, Initial Order and Addendum and the

Civil Division-Civil Information Sheet filed by the Plaintiff are attached hereto.   Plaintiff also

served a First Set of Interrogatories and First Document Requests. Defendant filed an Answer to

the Complaint with a Jury Demand. These documents constitute the only process, pleadings, or

orders received by the Defendant in this case.

1

4. This is a civil action in which this Court has original jurisdiction against WMATA

under the WMATA Compact, Public Law 89-774, Paragraph 81, approved by Congress on

November 6, 1966, as amended, reprinted at D.C. Code § 9-1107.01, Section 81 which provides:

> The United States District Courts shall have original jurisdiction, concurrent with
> the Courts of Maryland and Virginia, of all actions brought by or against the
> Authority and to enforce subpoenas issued under this Title. Any such action
> initiated in a state court shall be removable to the appropriate United States
> District Court in the manner provided by Act of June 25, 1948, as amended (28
> U.S.C. § 1446).

WHEREFORE, Defendant WMATA requests that the entire above-referenced action

now pending in the Superior Court of the District of Columbia be removed to this Court.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Chief Counsel – Torts
WMATA-General Counsel
600 5th Street, N.W.
Washington, D.C. 20001
(202)962-1496
kcarey@wmata.com

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was mailed, postage

prepaid, and efiled this 13th day of May, 2016 on:

William P. Lightfoot
Koonz, McKenney, Johnson, DePaolis & Lightfoot
20001 Pennsylvania Avenue NW
Washington, DC   20006

/s/Kathleen A. Carey
Kathleen A. Carey

3

Filed
D.C. Superior Court
05/03/2016 19:16PM
Clerk of the Court

## SUPERIOR COURT OF THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **TINA NICHOLE GLENNIE** | : |
| **1330 South Fair Street** | : |
| **Apartment 1717** | : |
| **Arlington, VA** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **Civil Action No. 2016 CA 002657 V** |
| | : **Cal. 2 - Judge MICHAEL RANKIN** |
| **WASHINGTON METROPOLITAN** | : **Next Event: ISC 7/15/16 at 9:30** |
| **AREA TRANSIT AUTHORITY** | : |
| **600 Fifth Street, NW** | : |
| **Washington, DC 20001** | : |
| | : |
| **Defendant.** | : |

## DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Washington Metropolitan Area Transit Authority ("WMATA"), hereby submits its Answer to Plaintiff's complaint.

### Responses to Paragraphs In Complaint

1.      This Defendant acknowledges the existence of the statutory reference contained in paragraph one (1) of Plaintiff's complaint, but denies that the jurisdiction of this court over this Defendant or this subject matter is conferred solely by reason thereof.

2.      This Defendant admits the allegations contained in paragraph two (2) of Plaintiff's complaint.

3.      Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph three (3) of Plaintiff's complaint.

4.      Defendant admits only that it is an interstate compact agency and instrumentality

of Maryland, Virginia, and the District of Columbia, approved by Congress through Pub. L. No. 89-774, and its headquarters is at 600 Fifth Street, N.W., Washington, D.C. 20001. WMATA denies all other allegations and inferences contained in paragraph four (4) of Plaintiff's complaint.

5.     Upon information and belief, Defendant admits the date, time and location as Arlington, Virginia of the allegations contained in paragraph five (5) of Plaintiff's complaint, but denies the remaining allegations contained therein.

6.     Defendant acknowledges the existence of video footage, but denies the remaining allegations contained in paragraph six (6) of Plaintiff's complaint.

7.     Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph seven (7) of Plaintiff's complaint.

8-9.     Defendant admits the allegations contained in paragraphs eight (8) and nine (9) of Plaintiff's complaint.

10.     Defendant denies the allegations contained in paragraph ten (10) of Plaintiff's complaint.

11.     Defendant admits Plaintiff was struck by the WMATA vehicle but denies the remaining allegations contained in paragraph eleven (11) of Plaintiff's complaint.

12-14. Defendant admits the allegations contained in paragraphs twelve (12) through fourteen (14) of Plaintiff's complaint.

15-19. Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraphs fifteen (15) through nineteen (19) of Plaintiff's complaint.

COUNT I NEGLIGENCE

20.     Defendant incorporates by reference its responses to paragraphs one (1) through nineteen (19) in response to the allegations in paragraph twenty (20) of Plaintiff's complaint.

21.     Defendant denies the allegations contained in paragraph twenty-one (21) of Plaintiff's complaint.

22.     Defendant admits the allegations contained in paragraph twenty-two (22) of Plaintiff's complaint.

23.     The allegations contained in paragraph twenty-three (23) are incorrect or incomplete statements of law. However, to the extent such statements require any response, this Defendant denies the allegations contained in paragraph twenty-three (23) of Plaintiff's complaint.

24-26.  Defendant denies the allegations contained in paragraphs twenty-four (24) through twenty-six (26) of Plaintiff's complaint.

Further answering the complaint, WMATA denies all allegations and inferences not specifically and expressly admitted or otherwise answered.

**First Affirmative Defense**

Plaintiff's complaint fails to state a claim upon which relief can be granted against this Defendant.

**Second Affirmative Defense**

Plaintiff's claims against WMATA are barred, at least in part, by principles of sovereign/governmental immunity and/or by § 80 of the WMATA Compact. D.C. Code § 9-1107.01 (2012).

**Third Affirmative Defense**

To the extent discovery provides a basis, WMATA reserves the right to assert that Plaintiff's claims are barred by her sole or contributory negligence and/or assumption of the risk.

Having fully answered the complaint, WMATA respectfully requests that this action be dismissed with prejudice, and that WMATA be awarded the costs of defending this action.

4

Respectfully submitted,

**WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY**

/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Chief Counsel-Torts
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1496
kcarey@wmata.com
Attorneys for Defendant WMATA

**Jury Demand**

Defendant WMATA demands a trial by jury on all issues so triable.

/s/ Kathleen A. Carey
Kathleen A. Carey

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Defendant WMATA's Answer to Plaintiff's**

**Complaint** was eserved and efiled this 3rd day of May, 2016 to:

William P. Lightfoot
Paulette E. Chapman
Kelly J. Fisher
Koonz, McKenney, Johnson, Depaolis
  & Lightfoot, LLP
2001 Pennsylvania Avenue, N.W.
Suite 450
Washington, D.C. 20006

/s/ Kathleen A. Carey
Kathleen A. Carey

4

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL DIVISION

**Tina Nichole Glennie**

~~FILED~~
CIVIL ACTIONS BRANCH

APR 1 9 2016
Plaintiff
Superior Court
of the District of Columbia
Washington, DC

*vs.*

Case No: 2016 CA 002657 V

**Washington Metropolitan Area Transit Authority**

Defendant

## AFFIDAVIT OF SERVICE

I, Ambiko Guice, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Letter dated April 13, 2016; Initial Order and Addendum; Summons; Complaint, Plaintiff's First Set of Requests for Production of Document to Defendant Washington Metropolitan Area Transit Authority, and Plaintiff's First Set of Interrogatories to Defendant Washington Metropolitan Area Transit Authority in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this action.

That on 04/13/2016 at 3:08 PM, I served Washington Metropolitan Area Transit Authority c/o Susan Serrian, Manager of Legal Administration, Office of the General Counsel with the Letter dated April 13, 2016; Initial Order and Addendum; Summons; Complaint, Plaintiff's First Set of Requests for Production of Document to Defendant Washington Metropolitan Area Transit Authority, and Plaintiff's First Set of Interrogatories to Defendant Washington Metropolitan Area Transit Authority at Graham Building, 600 5th Street, NW, Room 2D-03, Washingon, DC 20001 by serving Susan Serrian, Manager of Legal Administration, Office of the General Counsel, authorized to accept service.

Susan Serrian is described herein as:

Gender: Female   Race/Skin: White   Age: 47   Weight: 120   Height: 5'5"   Hair: Brown   Glasses: Yes

I do solemnly declare and affirm under penalty of perjury that I have read the foregoing information set forth herein is correct to the best of my knowledge, information, and belief.

Sworn to before me on  04/15/16

Angela H. Croson

Angela H. Croson
Notary Public District of Columbia
My Commission Expires: March 31, 2019

Ambiko Guice

Client Ref Number:16-4314
Job #: 1507447

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

Filed
D.C. Superior Court
04/12/2016 08:05PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **TINA NICHOLE GLENNIE** | : | |
| **1330 South Fair Street** | : | |
| **Apartment 1717** | : | |
| **Arlington, Virginia** | : | 2016 CA 002657 V |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WASHINGTON METROPOLITAN** | : | |
| **AREA TRANSIT AUTHORITY** | : | |
| **600 5th Street, NW** | : | |
| **Washington, DC  20001** | : | |
| | : | |
| **SERVE:** | : | |
| Susan Serrian | : | |
| Manager of Legal Administration | : | |
| Office of the General Counsel | : | |
| Washington Metropolitan Area | : | |
| Transit Authority | : | |
| Jackson Graham Building | : | |
| 600 Fifth Street, N.W., Room 2D-03 | : | |
| Washington, D.C. 20001 | : | |
| | : | |
| | : | |
| **Defendant** | : | |

## COMPLAINT

Plaintiff Tina Nichole Glennie, by counsel and thru her attorneys-in-fact appointed by a

Durable Power of Attorney, brings this tort action against Defendant Washington Metropolitan

Area Transit Authority ("WMATA").  Plaintiff, upon knowledge, information, and belief, alleges

as follows:

## JURISDICTION

1.       Jurisdiction of this Court is invoked pursuant to D.C. Code §§ 9-1107.01, 11-921 and 13-422 *et seq.*

2.       Pursuant to the WMATA Interstate Compact, WMATA is subject to the jurisdiction of D.C. Superior Court.

## PARTIES

3.       Plaintiff Tina Nichole Glennie, is a resident of the Commonwealth of Virginia. .

4.       Defendant Washington Metropolitan Area Transit Authority (WMATA) is a business licensed to do business and maintains its principal place of business in the District of Columbia and is currently conducting business in the District of Columbia.

## FACTS

5.       On March 24, 2016, at approximately 10:20 p.m., Plaintiff was a pedestrian in the crosswalk at the intersection of 15th Street S and Eads Street S in Arlington, Virginia when a bus struck her.

6.       A video camera recorded the collision between the bus and the plaintiff.

7.       Plaintiff was walking in a crosswalk when the bus struck her.

8.       The bus was turning right.

9.       The plaintiff had a green light.

10.      Plaintiff had the right of way.

11.      As Plaintiff was crossing the intersection in the crosswalk, she was struck by a Metro bus driven by Orlando Lefranz Melton.

12.      The Metro bus was owned by Defendant WMATA.

13.      Orlando Lefranz Melton was operating the Metro bus with the consent of Defendant WMATA.

14.    Orlando Lefranz Melton is a WMATA employee and was acting within the scope of his employment with WMATA at the time of the incident.

15.    The bus pinned the Plaintiff under the bus.

16.    A technical rescue team was sent in to extract Plaintiff.

17.    After Plaintiff was extricated by emergency responders, she was transported to the George Washington University Hospital.

18.    Plaintiff sustained severe and permanent injuries as a result of being struck by the bus.

19.    She is currently a patient at George Washington University Hospital in Washington, D.C. At the time of the injury she was employed as a personal trainer and employed as a bartender. She probably never again will have the physical ability to resume work where she must stand on he feet for a long time.  She does not have a source of income to replace lost income.

## *COUNT 1* - **Negligence**

20.    Plaintiff incorporates by reference all other paragraphs in the Complaint and further alleges that the collision and resulting injuries were the direct and proximate result of the negligence of the Defendant.

21.    Plaintiff had the right of way when she was crossing the street in the crosswalk.

22.    Under the doctrine of respondeat superior, Defendant WMATA is liable for the   ·
negligent acts and/or omissions of its employees that occur within the employees scope of employment.

23.     Defendant WMATA owed Plaintiff a duty to act reasonably under the circumstances, which included, but was not limited to, a duty to yield to pedestrians crossing in a marked crosswalk when the pedestrian had the right of way and a duty to maintain a proper lookout to avoid colliding with pedestrians.

24.     Defendant WMATA breached their duty Plaintiff by failing 1) to pay full time and attention to the road, 2) to keep a proper lookout, 3) to avoid colliding, 4) to yield the right of way, 5) to operate the motor vehicle in a reasonable, careful, and prudent manner, 6) to give warning by blowing the horn, 7) to obey the traffic laws then and there in full force and effect, and 8) to otherwise act as a reasonable person would under the circumstances.

25.     As a direct and proximate result of negligence of the Defendant, Plaintiff has suffered numerous bodily injuries, including abrasions, contusions, multiple fractures to both legs, broken arm, a traumatic brain injury, crush injuries, degloving injuries, and lacerations to her face, teeth and lips.

26.     As a direct and proximate result of the negligence of the Defendant, Plaintiff has sustained catastrophic damages that are the proximate cause of defendants' negligent acts and/or omissions, including but not limited to, extensive bodily injuries sustained and the extent and permanent duration thereof; any effect of any such injuries upon her health according to its degree and probable duration; any physical pain and mental anguish suffered by her and any that may be reasonably expected to be suffered by her in the future; any disfigurement or deformity resulting to her and any humiliation or embarrassment associated therewith; any inconvenience and discomfort caused in the past and any that will probably be caused in the future; any doctors, hospital, nursing and medical expenses incurred in the past and any that may reasonably be expected to occur in the future; any loss of earnings in the past by reason of being unable to

work; and any loss of earnings and/or lessening of earning capacity she may reasonably be expected to sustain in the future;

WHEREFORE, for the foregoing reasons, Plaintiff respectfully demands judgment against Defendant WMATA in the full and just amount of twenty-five million dollars ($25,000,000) plus costs and interest.

Respectfully submitted,

KOONZ, MCKENNEY, JOHNSON,
DEPAOLIS & LIGHTFOOT, LLP

William P. Lightfoot          #313593
Paulette E. Chapman          #416437
Kelly J. Fisher              #488431
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006
(202) 659-5500
(202) 785-3719 facsimile
kfisher@koonz.com

## JURY TRIAL DEMAND

Plaintiffs request a jury trial on all counts.

William B. Lightfoot

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

**TINA NICHOLE GLENNIE**

Case Number: **2016 CA 002657 V**

vs

Date: **April 8, 2016**

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| *Name: (please print)* William P. Lightfoot | Relationship to Lawsuit ☑ Attorney for Plaintiff |
| Firm Name: Koonz, McKenney, Johnson, DePaolis & Lightfoot, LLP | ☐ Self (Pro Se) Other: _____ |
| Telephone No.: 202-659-5500  Six digit Unified Bar No.: 313593 | |

TYPE OF CASE:  ☐ Non-Jury  ☑ 6 Person Jury  ☐ 12 Person Jury
Demand:$ 25,000,000 _____  Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

**NATURE OF SUIT:**  *(Check One Box Only)*

**A. CONTRACTS**

☐ 01 Breach of Contract  ☐ 07 Personal Property
☐ 02 Breach of Warranty  ☐ 09 Real Property-Real Estate
☐ 06 Negotiable Instrument  ☐ 12 Specific Performance
☐ 15 _____

**COLLECTION CASES**

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000 Pltf. Grants Consent

**B. PROPERTY TORTS**

☐ 01 Automobile  ☐ 03 Destruction of Private Property  ☐ 05 Trespass
☐ 02 Conversion  ☐ 04 Property Damage  ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102(a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☑ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including wrongful death)
☐ 16 Negligence-(Not Automobile, Not Malpractice)

☐ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/October 2010

## INFORMATION SHEET, Continued

| D. OTHERS<br>I.<br>  ☐ 01 Accounting<br>  ☐ 02 Att. Before Judgment<br>  ☐ 04 Condemnation (Emin. Domain)<br>  ☐ 05 Ejectment<br>  ☐ 07 Insurance/Subrogation<br>      Under $25,000 Pltf.<br>      Grants Consent<br>  ☐ 08 Quiet Title<br>  ☐ 09 Special Writ/Warrants<br>      DC Code § 11-941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br>   (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>   Vacate Arbitration Award<br>   (D.C. Code § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>   Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>   Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br>   Award (Collection Cases Only)<br>☐ 26 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
|---|---|---|
| II.<br>  ☐ 03 Change of Name<br>  ☐ 06 Foreign Judgment<br>  ☐ 13 Correction of Birth Certificate<br>  ☐ 14 Correction of Marriage<br>      Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>   Judgment [D.C. Code §<br>   2-1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>   42-3301, et seq.) | ☐ 21 Petition for Subpoena<br>   [Rule 28-I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>   (Perpetuate Testimony) |

For individuals not represented by an attorney: (  ) I acknowledge receipt of the Civil Actions Pro Se Handbook.

_____                    _____
Signature                                          Date

CV-496/October 2010



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

TINA NICHOLE GLENNIE
_____
                                    Plaintiff

vs.                                          Case Number **2016 CA 002657 V**

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

William P. Lightfoot                          *Clerk of the Court*
_____
Name of Plaintiff's Attorney

2001 Pennsylvania Ave, NW, #450               By _____
_____                        Deputy Clerk
Address
Washington, DC 20006                          04/12/2016
_____
202-659-5500                                  Date _____
_____
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                    Demandante

          contra

                                                    Número de Caso: _____

_____
                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

                              Por: _____
_____
Dirección                                      Subsecretario

_____

                              Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ካስፈለግዎ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                            CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

TINA NICHOLE GLENNIE
Vs.                                                    C.A. No.      2016 CA 002657 V
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL L RANKIN
Date:  April 12, 2016
Initial Conference: 10:30 am, Friday, July 15, 2016
Location: Courtroom 517
            500 Indiana Avenue N.W.

Caio.loc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**
**500 Indiana Avenue NW**
**Washington, D.C. 20001**

**May 18, 2016**

CASE NAME: TINA NICHOLE GLENNIE Vs. WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

CASE NUMBER: 2016 CA 002657 V

# NOTICE OF REMOVAL

This case has been removed to the U.S. District Court for the District of Columbia. Any unresolved motion filed in this case prior to its removal is moot as of the date of this notice. Should the U.S. District Court remand the case back to this Court, moving party may request reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

Ms KATHLEEN A CAREY
600 FIFTH STREET NW
WASHINGTON, DC 20001

2016 CA 002657 V

SEE REVERSE SIDE FOR
OPENING INSTRUCTIONS

SEE REVERSE SIDE FOR
OPENING INSTRUCTIONS

CANOR..doc

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**
**500 Indiana Avenue NW**
**Washington, D.C. 20001**

**May 18, 2016**

CASE NAME: TINA NICHOLE GLENNIE Vs. WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

CASE NUMBER: 2016 CA 002657 V

# NOTICE OF REMOVAL

This case has been removed to the U.S. District Court for the District of Columbia. Any
unresolved motion filed in this case prior to its removal is moot as of the date of this notice.
Should the U.S. District Court remand the case back to this Court, moving party may request
reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that
the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the
praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR
COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

Mr WILLIAM P LIGHTFOOT
2001 Pennsylvania Avenue NW
Suite 450
WASHINGTON, DC 20006

2016 CA 002657 V

CANOR..doc